Mr. A. J. McMullian, III State Retirement Director Department of Management Services Cedars Executive Center, Building C Tallahassee, Florida 32399-1560
Dear Mr. McMullian:
After several communications among this office, your office and the Broward County Attorney's Office, the following question substantially reflects the issue that must be resolved:
Are payments made by a county to a deferred compensation account on behalf of a county employee considered compensation that must be considered in making the required contributions to the Florida Retirement System?
In sum:
Payments made by a county to a deferred compensation account on behalf of a county employee would appear to be part of the employee's gross compensation that must be reported for purposes of making contributions to the Florida Retirement System.
This matter has arisen due to the merging of the Port Everglades Authority into Broward County. You state that all of the authority's employees, in addition to being members of the Florida Retirement System, are provided a tax-sheltered deferred compensation plan with contributions paid by the authority.[1] As a result of the impending merger and the protection of pension or retirement rights provided in section 112.0515, Florida Statutes, the county is uncertain whether it must continue to make contributions to the tax-sheltered deferred compensation plans on behalf of authority employees who will become county employees after the merger occurs.
Section 112.0515, Florida Statutes, states:
It is hereby declared to be the policy of this state that in any consolidation or merger of governments or the transfer of functions between units of governments either at the state or local level or between state and local units, the rights of all public employees in any retirement or pension fund shall be fully protected. No consolidation or merger of governments or governmental services, either state or local, accomplished in this state shall diminish or impair the rights of any public employee in any retirement or pension fund or plan which existed at the date of such consolidation or merger and in which the employee was participating, nor shall such consolidation or merger result in any impairment or reduction in benefits or other pension rights accruing to such employee.
Thus, pursuant to section 112.0515, Florida Statutes, the rights of the Port Everglades Authority employees in their retirement or pension fund are protected and may not be diminished or impaired due to the authority's merger into Broward County.
This statute, however, has been interpreted as having no application to the salary or compensation of employees affected by a consolidation or merger and applies only to rights and benefits of a retirement plan of which the employee is a member.[2] For instance, in Attorney General Opinion 73-383, this office was asked whether pursuant to section 112.0515, Florida Statutes, a county was required to continue to pay an employee who was employed by a municipal court prior to its merger with the county court a salary equal to the full compensation, including longevity bonuses, formerly paid to him. Finding that the provisions in section 112.0515, Florida Statutes, relate only to retirement benefits and pension rights, this office concluded that the statute was not applicable to salary or compensation of employees affected by a merger. Specifically, it was determined that the longevity bonus was part of the annual compensation or salary of the affected employee and, therefore, was not protected by section112.0515, Florida Statutes.
In this instance, therefore, it must be determined whether the employer contributions to an employee's tax-sheltered deferred compensation plan are considered a part of a retirement plan or are part of the employee's salary or compensation. Your office has taken the position that the contributions by the authority do not constitute a qualified retirement plan. The statutory provisions creating the Florida Retirement System are stated in terms of participation in one retirement system.[3] Thus, it would appear that the county or the authority, as members of the Florida Retirement System, would be unable to provide employees participating in that system an additional retirement plan such that the employees are participating in both plans at the same time.[4] Accordingly, since such payments are in the manner of salary or compensation, the county is not required by section112.0515, Florida Statutes, to continue such payments to the deferred compensation plans on behalf of the authority employees.
The discretionary expenditure of public funds for such a purpose would depend upon an appropriate legislative finding by the governing body of the county that such expenditure fulfills a valid public purpose.[5]
If these employer contributions are "compensation" for purposes of the Florida Retirement System, section 121.071(1), Florida Statutes, sets forth the percentage of the member's gross compensation that must be contributed by the employer on behalf of the employee. For purposes of the Florida Retirement System, "compensation" is defined as
the monthly salary paid a member by his employer for work performed arising from that employment, including overtime payments paid from a salary fund. . . . For all purposes under this chapter, the compensation or gross compensation of any member participating in any salary reduction, deferred compensation, or tax sheltered annuity program authorized under the Internal Revenue Code shall be deemed to have been the compensation or gross compensation which the member would have received if he were not participating in such program. (e.s.)[6]
While these provisions relate to a member's participation in a deferred compensation or tax sheltered annuity program and are set forth in terms of a reduction in salary or a deferral of compensation, the statute appears broad enough to include sums paid by the employer on behalf of the employee as "compensation" for purposes of reporting to the Florida State Retirement System.
This conclusion is supported by section 112.215(6)(b), Florida Statutes, which states:
No deferred compensation plan of a county, municipality, or other political subdivision shall become effective until the appropriate official or body designated by ordinance is satisfied by opinion from such federal agency or agencies as may be deemed necessary that the compensation deferred thereunder and/or the investment products purchased pursuant to the plan will not be included in the employee's taxable income under federal or state law until it is actually received by such employee under the terms of the plan, and that such compensation will nonetheless be deemed compensation at the time of deferral for the purposes of social security coverage, for the purposes of the retirement system of the appropriate county, municipality, or political subdivision, and for any other retirement, pension, or benefit program established by law. (e.s.)
This office has been advised that the county treats payments made to deferred compensation plans on behalf of an employee as a "bonus" that is not required to be reported as compensation for purposes of retirement contributions. Rules governing the administration of the Florida Retirement System state that a "bonus" is not compensation that must be reported to the Division of Retirement for purposes of making contributions to the retirement system. The term "bonus" is defined as "a payment made in addition to an employee's regular or overtime salary that is usually non-recurring, does not increase the employee's base rate of pay and includes no commitment for payment in a subsequent year."[7]
No formal document has been provided to this office indicating the manner in which the payments are made by the Port Everglades Authority. This office has been informed, however, that the authority's plan has been in existence since 1983. It is assumed that the payments recur from year to year and that the authority has made a commitment to provide the payments on behalf of its employees in subsequent years. Under these assumed facts, the authority's payments would not qualify as a "bonus" that is exempt from the reporting requirements for purposes of employer contributions to the Florida Retirement System.
Accordingly, it is my opinion that the payments made by the Port Everglades Authority to a tax-sheltered deferred compensation plan on behalf of its employees would be compensation that must be reported to the Division of Retirement for purposes of making contributions to the Florida Retirement System. In light of the use of such employer contributions by other governmental entities, however, it may be advisable to seek legislative clarification of this matter.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] This office has been advised that for senior management employees of the authority, $7,500 is paid into a deferred compensation plan, while the authority matches contributions made by all other employees.
[2] See, Ops. Att'y Gen. Fla. 73-383 (1973) and 73-480 (1973).
[3] See, section 121.011(3)(b)1., Florida Statutes, providing that an eligible member of a retirement plan established by local or special act or municipal ordinance electing to transfer to the Florida Retirement System "shall be transferred to the Florida Retirement System . . . and shall be subject to the provisions of the Florida Retirement System established by this chapter. . . ."
[4] Cf., section 121.051(2)(b)4., Florida Statutes, providing that once a city or special district elects to be a part of the Florida Retirement System and such election is approved, all present officers and employees electing coverage under the system and all future officers and employees are compulsory members of the Florida Retirement System. See also, Op. Att'y Gen. Fla. 72-85 (1972) (member of existing retirement system transferring to the Florida Retirement System has made an irrevocable election and is subject only to the provisions of Chapter 121, Florida Statutes, with retirement benefits calculated in accordance therewith).
[5] The determination of whether an expenditure serves a public purpose is one that must be made by the governing body of the public entity and not by this office.
[6] Section 121.021(22), Fla. Stat. (1993).
[7] Rule 60S-6.001(11), Fla. Admin. Code.
[8] In Memorandum 90-203 from the Division of Retirement to Payroll and Personnel Officers of Florida Retirement System Covered Employees, October 8, 1990, the division stated that employer payments to deferred compensation were fringe benefit payments which are not compensation for retirement purposes. This office has been informed, however, that the current position of the Division of Retirement is that such payments made by the employer on behalf of the employee are compensation that must be reported for retirement contribution purposes.